1
2
3
4
5
6
7
8
9
UNITED STATES DISTRICT COURT
10
CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION
11
12
13
14
15  ABOLFAZL TAVASOLY,              ) No. CV 06-3814 SH
                                    )
16                    Plaintiff,    ) MEMORANDUM  DECISION
                                    )
17            v.                    )
                                    )
18  MICHAEL J. ASTRUE,              )
    Commissioner of Social Security )
19  Administration,                 )
                      Defendant.    )
20                                  )
                                    )
21  _____)
22                      I.    PROCEEDINGS
23          Plaintiff filed a Complaint in 2006, seeking review of the decision by  the
24  Commissioner of the Social Security Administration denying plaintiff's applications
25  for a Social Security period of disability and Disability Insurance benefits (DIB).  The
26  parties have consented to proceed before United States Magistrate Judge Stephen J.
27  Hillman.
28  ///

1

## II.   BACKGROUND

2        The plaintiff filed an application for a period of disability and DIB on

3 September 4, 2001, alleging that he was disabled due to back injury, herniated disc,

4 nervousness, irritability, fatigue, depression, insomnia, stiffness, stress, tension,

5 dizziness and joint pains.  His application was denied initially on October 18, 2001,

6 and on reconsideration.

7        On November 19, 2001, Plaintiff requested a hearing to review the denial of his

8 application for Social Security benefits.  Plaintiff was afforded a hearing before an

9 Administrative Law Judge (ALJ) on August 2, 2002.  In his decision dated September

10 25, 2002, the ALJ found that the plaintiff's allegations of subjective pain not credible,

11 and that the plaintiff's impairments did not prevent him from performing his past

12 relevant work.  Therefore, the ALJ concluded that the plaintiff was not under a

13 disability as defined in the Social Security Act, at any time from January 1, 1997, the

14 plaintiff's alleged disability onset date, through December 31, 1997, the date he last

15 met the insured status requirements.  (AR 22-3).

16        On November 12, 2002, Plaintiff filed a request for review by the Appeals

17 Council.  On March 13, 2003, the Appeals Council denied Plaintiff's request for

18 review.   In turn, Plaintiff filed a civil appeal.  Judgment was entered in favor of the

19 plaintiff and the case was remanded to the Commissioner of Social Security on April

20 8, 2004.  By order dated May 19, 2004, the Appeals Council vacated the ALJ's

21 decision of September 25, 2002, and remanded the case for further proceedings

22 consistent with the order of the United States Magistrate Judge, who directed that a

23 further assessment of the credibility of the plaintiff's subjective complaints be

24 articulated, and that the ALJ more fully develop the record, particularly by making

25 efforts to obtain treating source records pertaining to the period at issue. (AR 255-56,

26 233).  A supplemental hearing was held on July 25, 2005.

27        In his decision dated November 23, 2005, the ALJ again found that the

28 plaintiff's subjective complaints were not credible, that the plaintiff's capacity to

1  perform basic work-related activities was limited to light work during the period at
2  issue including an inability to lift, carry, push, or pull more than 10 pounds frequently
3  or more than 20 pounds occasionally, and that the plaintiff's functional limitations did
4  not preclude him from performing his past relevant work.  Thus, the ALJ found that
5  the plaintiff was not under a disability during the period at issue, January 1, 1997,
6  through December 31, 1997.

7      On May 4, 2006, the Appeals Council again denied Plaintiff's request for
8  review.  This action followed.

9                          III.    DISCUSSION

10     Under 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to
11 determine if: (1) the Commissioner's findings are supported by substantial evidence;
12 and (2) the Commissioner used proper legal standards.  DeLorme v. Sullivan, 924
13 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere
14 scintilla", Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a
15 preponderance."  Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573,
16 576 (9th Cir. 1988).  This court cannot disturb the Commissioner's findings if those
17 findings are supported by substantial evidence, even though other evidence may exist
18 which supports plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir.
19 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v.
20 Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

21     It is the duty of this court to review the record as a whole and to consider
22 adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th
23 Cir. 1986).  The court is required to uphold the decision of the Commissioner where
24 evidence is susceptible of more than one rational interpretation.  Gallant v. Heckler,
25 753 F.2d 1450, 1453 (9th Cir. 1984).

26     The sole issue presented in this case is whether the ALJ made proper credibility
27 findings in finding that the plaintiff is not credible.

28     The Commissioner's assessment of plaintiff's credibility should be given great

1   weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). "If the ALJ's decision
2   is based on a credibility assessment, there must be an explicit finding as to whether
3   the plaintiff's testimony was believed or disbelieved and the testimony must not be
4   entirely discounted simply because there was a lack of objective findings." Cotton v.
5   Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). Furthermore, if the Commissioner
6   chooses to disregard plaintiff's testimony, the Commissioner must set forth specific
7   cogent reasons for disbelieving it. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.
8   1981).

9   　　　In evaluating a claimant's credibility, the ALJ may consider the claimant's
10   reputation for truthfulness, inconsistencies within the claimant's testimony or as
11   between his testimony and conduct, the claimant's daily activities, work history, as
12   well as testimony from physicians or third parties concerning the nature, severity, and
13   effect on the symptoms of which the claimant complains. Light v. Social Sec.
14   Admin., 119 F.3d 789, 792 (citations omitted).

15   　　　A district court is not permitted to make independent credibility determinations;
16   rather the court is constrained to review only the reasons the ALJ asserts. Connett v.
17   Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). It is error to affirm an adverse credibility
18   decision based on evidence that the ALJ did not discuss. Id. The district court has the
19   discretion to remand when an ALJ's stated reasons for an adverse credibility
20   determination are insufficient. Id. at 876.

21   　　　The ALJ gives several reasons for finding the plaintiff not credible. First, the
22   ALJ states that "In finding that he [the plaintiff] was limited to light exertional-level
23   work between January 1, 1997 through December 31, 1997, all due benefit of doubt
24   has been accorded to his pain complaints." (AR 235). The ALJ points out that the
25   State Agency reviewing physician found the evidence insufficient to establish any
26   degree of functional limitation. (AR 189-91, 235). The ALJ further explains that the
27   limitation to light work is based solely on a remote history of back injury, with
28   underlying degenerative changes in 1989, followed by only mild symptoms, which did

1   not preclude the plaintiff from continuing to work at the same job, with no time off

2   and successful chiropractic treatments, for nearly a year and a half after the date of

3   injury.  (AR 235).

4          Plaintiff argues that finding him not credible based on the fact that he worked

5   for a year and a half after the date of his injury, is unfounded.  Rather, the plaintiff

6   contends that his work history and work attempt only adds to the credibility of his

7   claims of debilitating pain, and that the ALJ failed to take his work history into

8   account.  Plaintiff argues that a good work history is probative of credibility.  Schall

9   v. Apfel, 134 F.3d 496, 502 (2nd Cir. 1998), and that if in Schall, the ALJ used the

10  lack of a particular claimant's work history as a basis to find an individual not

11  credible, administrative fairness demands that the ALJ must also be required to

12  consider the abundance of work history.  Moreover, he argues that work history is "a

13  factor which the ALJ will and must consider" in assessing the plaintiff's credibility.

14  See 20 C.F.R. §§ 404.1529(c)(3) (ALJ will consider all of the evidence presented,

15  including information about a claimant's prior work record); Social Security Ruling

16  96-7p (ALJ must consider prior work record).  Finally, the plaintiff argues that in the

17  27 years prior to the onset of his disability, he continuously engaged in substantial

18  gainful activity from 1963 to 1990, and that this is indicative of a credible work

19  history.  He further argues that someone with such a credible work history would not

20  stop working without good reason, such as the pain and limitations suffered as a result

21  of disabling impairments.   (AR 102, 269).

22         The defendant contends that the ALJ gave adequate reasons for rejecting the

23  plaintiff's allegation of inability to work due to low back pain, in finding that no

24  objective findings supported the plaintiff's allegations of disabling functional

25  limitations during the relevant time period of January 1997, to December 1997.  The

26  defendant presents that nevertheless, the ALJ gave the plaintiff the benefit of the

27  doubt in accepting Plaintiff's allegations of pain to the extent that he was limited to

28  light work.  (Jt. Stip. at 17-18).

1    An ALJ may not discredit a claimant's subjective testimony merely because he
2    did not have objective medical evidence to support his testimony regarding the
3    severity of subjective symptoms from which he suffered, particularly pain. Light, 119
4    F.3d at 792.  As long as plaintiff offers evidence of a medical impairment that could
5    reasonably be expected to produce pain, the ALJ may not require the degree of pain
6    to be corroborated by objective medical evidence.  Bunnell v. Sullivan, 947 F.2d 341,
7    346-47 (9th Cir. 1991) (en banc); Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir.
8    1996).
9    Here, the ALJ cited the State Agency reviewing physician's report to show that
10   there is insufficient evidence to support the plaintiff's alleged limitations, and that
11   finding the plaintiff was limited to light work is based solely on a remote history of
12   a back injury, followed by only mild symptoms.  However, the ALJ discounted the
13   plaintiff's subjective claims of pain when the plaintiff presented evidence that he had
14   a medical impairment.  In the report by Dr. Jeffrey Dobyns, dated October 31, 1990,
15   Dr. Dobyns assessed the plaintiff as having a large L4-5 herniated nucleus pulposus,
16   a mild L3-4 herniated nucleus pulposus, degenerative facet arthritis L4-5 bilaterally,
17   and left shoulder pain, probable mild impingement syndrome.  Thus, the ALJ may not
18   discount the plaintiff's subjective claims of pain on the basis that there is a lack of
19   objective evidence.
20   In addition, a claimant's prior work record and efforts to work may be
21   considered in assessing credibility.  See 20 C.F.R. §§ 416.929(a), (c)(3) (stating that
22   the Commissioner will consider a claimant's efforts to work and prior work record in
23   evaluating symptoms).  The fact that a claimant has worked to support himself does
24   not necessarily preclude him from disability insurance benefits.  Leftwich v. Gardner,
25   377 F.2d 287, 290 (4th Cir. 1967).
26   The ALJ noted that the plaintiff's symptoms did not preclude him from
27   continuing to work at the same job with no time off, for nearly a year and a half after
28   the date of injury.  (AR 235).  However, while the ALJ uses this fact to support a

1   finding that the plaintiff is not credible, the court finds that the plaintiff has made a
2   valid argument in arguing that the ALJ should look at the plaintiff's work history in
3   its entirety, and that his work history may be probative of credibility.  The plaintiff has
4   a consistent work history and should not be punished for attempting to continue to
5   work.  The plaintiff testified that he did not stop working within a year after he hurt
6   his back "because [he] was insisting that [he'd] like to work" despite the tremendous
7   pain he had.  (AR 362).  Furthermore, when questioned about why he stopped
8   working, the plaintiff answered, "Maybe because of the injury I had." (364).  Hence,
9   the ALJ should have taken the plaintiff's work history into account when making his
10  credibility finding.

11          In finding the plaintiff not credible, the ALJ also found that records from the
12  treating chiropractor did not reflect the plaintiff's testimony that he required three or
13  more chiropractic visits a month in order to alleviate his pain symptoms.  The ALJ
14  noted further that the plaintiff made a similar allegation in November 2001 when the
15  record shows no more than one visit a month or every other month on an "as needed"
16  basis.  (AR 180-86, 235).

17          Plaintiff contends that the medical records submitted prior to and discussed at
18  the hearing support Mr. Tavasoly's testimony that he sought medical treatment for his
19  condition, citing the Administrative Record at pages 366-67, 372-73, and 376-412.
20  Plaintiff further argues that these records show that medical treatment interfered with
21  the plaintiff's ability to maintain consistent work activity due to absenteeism to attend
22  these medical appointments, and that as a result, such an individual would not be
23  employable.  (Jt. Stip. at 10).

24          Defendant contends that review of the billing statements show only sporadic
25  visits in 1995, 1996, and 1997.  Defendant also notes that during the period at issue,
26  January 1997 to December 1997, the plaintiff had no treatment between January 1997
27  and August 1997, and only had treatments from October 1997 to December 1997.  (Jt.
28  Stip. at 18-19).

1      However, plaintiff's counsel makes specific reference to the billing records

2  which make up the Supplemental Certified Administrative Record: "...the most recent

3  submissions I have from Dr. Hopkins document that he [the plaintiff] was treating

4  with Dr. Hopkins through 1996 and '97." (AR 372 emphasis added). Plaintiff's

5  counsel also closes by stating, "... the evidence submitted currently demonstrates and

6  supports that he [the plaintiff] was going to see Dr. Hopkins two or three times a

7  month even while he was working and after he was working." (AR 374).

8      However, the records contained in the Administrative Record are entirely

9  different records than the records mailed on July 12, 2005 by Mr. Rosales to ALJ

10  Fisher on July 12, 2005 (A.R. 333). These distinct records could have had a

11  significant impact on the ALJ's finding that the plaintiff was not credible, since these

12  billing records serve to prove that the plaintiff did in fact visit his treating chiropractor

13  as frequently as he claimed, "Twice a month, sometimes three times or more if it is

14  required that I'm really aggravated...," particularly during the period at issue. The

15  Supplemental billing records indicate that the plaintiff was treated by Dr. Hopkins

16  twice in September 1997, three times in October 1997, twice in November 1997, and

17  twice in December 1997. Moreover, the records show that the plaintiff had treatments

18  two to three times a month throughout 1998 and 1999. (AR 376-412). These records

19  were not actually considered by the ALJ, although they were alluded to by counsel at

20  the hearing. As noted above, these records are entirely different than the records

21  mailed by counsel to the ALJ weeks before the second hearing.

22      The ALJ also found the plaintiff not credible because the ALJ found it

23  reasonable to conclude that an individual suffering from the alleged degree of pain the

24  plaintiff suffers from would have consulted a physician to obtain more effective

25  treatment, and the plaintiff failed to do this. (AR 235). This may be a reasonable

26  conclusion to make; however, it is not by itself determinative of credibility.

27      Moreover, the ALJ notes that according to the record, the only medication and

28  measures the plaintiff took to alleviate the alleged pain is the use of a leather corset,

1    over-the-counter analgesics and periodic chiropractic adjustments for fourteen years

2    or longer.  The ALJ acknowledged that the plaintiff attempted to explain his reliance

3    on over-the-counter medications by alleging adverse side effects from prescription

4    pain medication.  However, the ALJ points out that the plaintiff did not report any

5    prescription for medication from that physician when he filed the instant claim.

6    Additionally, the report from the orthopedic surgeon who was treating him contains

7    no mention of adverse side effects or prescription medication.  (AR 235-36).

8    Inconsistencies in the evidence may be used to support a conclusion that the

9    claimant is not fully believable.  Light, 119 F.3d at 792.  The single medical record

10   from the only physician the plaintiff has seen, Dr. Jeffrey L. Dobyns, does not make

11   reference to any prescription medication.  (AR 27-30).  There is no medical record of

12   the first visit the plaintiff had with Dr. Dobyns; nevertheless, Dr. Dobyns makes

13   specific reference to his findings regarding the plaintiff's condition from the first visit.

14   Neither Dr. Dobyns' discussion of his first meeting with the plaintiff, nor his

15   discussion of his second meeting with the plaintiff on October 31, 1990, indicates that

16   the plaintiff was prescribed any medication, or that the plaintiff suffered any adverse

17   side effects from a prescription medication.  (AR 27-30).  Thus, the court agrees with

18   the findings that the ALJ made regarding prescription pain medication the plaintiff

19   alleges to have received from Dr. Dobyns.

20   Lastly, the ALJ found the plaintiff not credible because the plaintiff's testimony

21   as late as 2002, when his condition allegedly deteriorated, indicated that he was still

22   doing light chores such as shopping and cooking, relying on his son for more

23   strenuous activities such as yardwork.  (AR 235).

24   Plaintiff argues that his descriptions of his daily activities are not consistent

25   with the ability to perform regular and continuous full time work at any level of

26   exertion.

27   Defendant argues that the ALJ can employ ordinary techniques of credibility

28   evaluation, that the ALJ properly determined that Plaintiff's impairments could be

1  expected to produce some limitations, and that the ALJ properly determined that these
2  limitations were not so extreme as to preclude all work activity.

3       The court agrees with the plaintiff.  Having a disability does not mean that a
4  claimant must vegetate in a dark room excluded from all forms of human and social
5  activity.  Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (quoting Smith v.
6  Califano, 637 F.2d 968, 971 (3rd Cir. 1981)); Reddick v. Chater, 157 F.3d at 722.  See
7  also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (noting that "many home
8  activities are not easily transferable to what may be the more grueling environment of
9  the workplace"); Gallant, 753 F.2d at 1453 (ability to cook a meal and do dishes is not
10 inconsistent with disability).

11      Here, the plaintiff testified to not driving often, being able to wash himself,
12 doing some chores around the house to the extent that his son does chores he cannot
13 do, cooking, and shopping.  The plaintiff also stated that he does not do yard work;
14 rather, that his son does the yard work.  (AR 71-72).  Clearly, the extent of the
15 plaintiff's daily activities only extends so far as to living a normal life.  Occasionally
16 driving, washing himself, doing some chores, cooking, and shopping is not probative
17 of disability.

18      If the Commissioner's decision is not supported by substantial evidence, the
19 Court must decide whether to remand the matter for rehearing or to reverse and order
20 benefits granted.   The Court has authority to affirm, modify, or reverse the
21 Commissioner's decision "with or without remanding the cause for rehearing."  42
22 U.S.C. § 405(g)(1988); See Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987);
23 Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) [remand under sentence four].
24 Where a rehearing would simply delay receipt of benefits because the record is fully
25 developed and there is substantial evidence of disability, reversal rather than remand
26 is appropriate.  Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985); Hoffman v.
27 Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  If the ALJ improperly rejects a
28 claimant's testimony regarding his limitations, and the claimant would be deemed

1  disabled if his testimony were credited, that testimony is credited as a matter of law

2  and remand will not be allowed solely to allow the ALJ make specific findings

3  regarding the rejected testimony.  Varney v. Sec'y of Health & Human Servs., 859

4  F.2d 1396, 1401 (9th Cir. 1988).  Where the ALJ fails to make the findings necessary

5  to reject plaintiff's testimony and where remand is not necessary for other purposes,

6  plaintiff's testimony regarding disabling pain may be taken as true and benefits

7  awarded.  Id.   In Moisa v. Barnhart, the court found that (1) the ALJ failed to provide

8  legally sufficient reasons for rejecting claimant's testimony, (2) there were no

9  outstanding issues that must be resolved before a determination of disability can be

10  made, and (3) it is clear from the record that the ALJ would be required to find

11  claimant disabled if his testimony were credited.  Moisa v. Barnhart, 367 F.3d 882,

12  887 (9th Cir. 2004); See Smolen, 80 F.3d at 1292.

13      The ALJ's stated reasons for finding the plaintiff not credible are questionable.

14  There is only one issue, evaluation of the plaintiff's credibility, in the instant case.

15  This is the second time this case has been presented to this court, and the same issue,

16  has yet to be resolved.  The ALJ found the plaintiff to suffer from degenerative disc

17  disease of the lumbosacral spine, and found this to be a severe impairment.

18      The plaintiff did not see a physician for his condition during the period at issue.

19  However, the  billing records taken as a whole,  indicate that the plaintiff was treated

20  by a chiropractor for his pain during this time, as frequently as is indicated in his

21  testimony.  During the first hearing, the plaintiff testified that he suffers from pain

22  mainly in his lower back but that the middle of his back and neck are also factors.

23  (AR 73).  He also testified that he experiences discomfort on a daily basis and that he

24  "get a [sic] pinched nerves and muscle spasm."  (AR 73, 368).  In addition, he stated

25  that medication only has a minor impact in relieving the pain, and that his condition

26  has gotten worse since 1996 because other symptoms have been arising.  (AR 74).

27  Moreover, he testified to sleeping a total of about 16 hours everyday, day and night

28  because of the pain.

1   During the second hearing, the plaintiff elaborated on his pain, testifying that

2   he had problems with his back in doing his job during 1996.  He stated, "I was trying

3   to pretend that I'm okay, but I was going to my doctor two, three times a month for

4   the adjustment." (AR 365).  In response to the ALJ's question about how the plaintiff

5   felt after putting in a day of work, the plaintiff stated that he felt "exhausted, tired,

6   fatigued, depressed."  Id.  Moreover, he testified that he missed work because of his

7   condition, and that he was fired because his employer said "they cannot keep [him]

8   there because of the lack of performance and the [sic] safety." (AR 364, 370).  The

9   plaintiff adds that his employer said, "you are not safe to yourself and to others." (AR

10  370).  Furthermore, the plaintiff testified that he was injured in 1989 while working

11  for Vertec, Inc., and that they let him go "because they noticed that [he] cannot [sic]

12  perform what [he] had been hired for because of the accident. (AR 370).  According

13  to the plaintiff's testimony, the pain is so severe as to be disabling.  If the plaintiff's

14  testimony were credited, the ALJ would be required to find the plaintiff disabled.

15

16                                    IV.    CONCLUSION

17          Since the ALJ appears not to have considered the documents in the

18  Supplemental Record, a remand is required.

19  Date: October 10, 2007

20

21                                    _____/s/_____

22                                    STEPHEN J. HILLMAN

23                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28